[Cite as *State v. Weese*, 2013-Ohio-5789.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

LARRY L. WEESE

    Appellant

C.A. No.     12CA0047

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    CRB-12-01-00140

DECISION AND JOURNAL ENTRY

Dated: December 31, 2013

---

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Larry Weese appeals from the judgment of the Wayne County Municipal Court. For the reasons set forth below, we reverse.

I.

{¶2} In January 2012, Mr. Weese was charged with assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. Mr. Weese pleaded no contest and he was sentenced to 45 days in jail, three years of community control, and ordered to pay a $250 fine. Additionally, Mr. Weese was ordered to pay court costs.

{¶3} During Mr. Weese's initial appeal, Mr. Weese's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there were no arguable issues that would support an appeal. After conducting our own independent review of the record, we determined that there was at least one arguable issue that was not wholly frivolous. *See id.* at 744. Accordingly, we granted counsel's request to withdraw and appointed new counsel to brief the

identified issue along with any other issues new counsel may discern. *See McCoy v. Court of Appeals of Wisconsin, District 1*, 486 U.S. 429, 444 (1988). New counsel has filed an appellate brief raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING LARRY L. WEESE THAT FAILING TO PAY THOSE COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE.

{¶4} Mr. Weese asserts in his sole assignment of error that the trial court committed reversible error in imposing court costs without informing him that his failure to pay the costs may result in the court ordering him to perform community service. The State concedes the error, and we agree.

{¶5} At the time of Mr. Weese's sentencing hearing in August 2012, R.C. 2947.23(A)(1)(a) stated that:

In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶6} We have concluded that the statute requires that the trial court do two things: "'(1) notify the defendant at the time of sentencing that costs will be assessed so that he has an

opportunity to seek a waiver, and (2) notify the defendant that his failure to pay the costs could result in imposition of community service, but that he would receive credit toward the costs from any community service imposed.'" *State v. Boone,* 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 29, quoting *State v. Williams*, 9th Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 23.

{¶7} In the instant matter, the trial court failed to inform Mr. Weese of all of the notifications required by R.C. 2947.23(A)(1)(a) at sentencing, yet imposed costs in its sentencing entry. Therefore, we "reverse the trial court's imposition of court costs and remand for the proper imposition of court costs in accordance with the requirements set forth in R.C. 2947.23(A)(1)." *State v. Debruce*, 9th Dist. Summit No. 25574, 2012-Ohio-454, ¶ 38.

{¶8} Mr. Weese's sole assignment of error is sustained.

### III.

{¶9} In light of the foregoing, we reverse the judgment of the Wayne County Municipal Court and remand the matter solely for the proper imposition of court costs in accordance with the requirements set forth in R.C. 2947.23(A)(1).

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

KENNETH R. SPIERT, Assistant State Public Defender, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.